COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


KENNY'S CONSTRUCTION, INC.
AND
ERIE INSURANCE EXCHANGE                    MEMORANDUM OPINION[*]
                                              PER CURIAM
v.    Record No. 1627-96-3                 DECEMBER 17, 1996

ROGER W. RICHARDS


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Benjamin J. Trichilo; Trichilo, Bancroft,
            McGavin, Horvath & Judkins, on briefs), for
            appellants.

            (Terry L. Armentrout, on brief), for
            appellee.


     Kenny's Construction, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission ("commission") erred in (1) refusing to

consider employer's labor market survey received by the

commission after the record closed; (2) finding that Roger

Richards ("claimant") made a good faith effort to market his

residual work capacity; and (3) finding that claimant sustained

an injury by accident arising out of and in the course of his

employment on June 6, 1995.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I.  Labor Market Survey

The hearing in this case took place on December 13, 1995. At the hearing, the deputy commissioner agreed to hold the record open for thirty days to allow employer to file a labor market survey with the commission.  Pursuant to employer's January 10, 1996 request, the commission granted employer an extension until January 26, 1996 within which to submit the labor market survey.  The commission received the survey on January 29, 1996, after the record had closed.  Consequently, the commission refused to consider the survey as evidence.

The commission afforded employer ample time within which to submit the survey as part of the record.  Yet, the commission did not receive the survey until after the record closed.  Under these circumstances, we cannot find that the commission abused its discretion by refusing to consider the survey.

## II.  Marketing

In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so.  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987).  "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case."  The Greif Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993).  We have discussed factors which the commission should consider in deciding whether a claimant has made

2

reasonable good faith efforts to market his remaining capacity:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted).  In reviewing the commission's findings, "we view the evidence in the light most favorable to . . . the party prevailing before the commission."  Id. at 270, 380 S.E.2d at 33.

So viewed, the evidence established that the claimant, a thirty-nine-year-old carpenter with a ninth grade education, registered with the Virginia Employment Commission on September 12, 1995 and contacted approximately five employers each week thereafter.  Claimant submitted a list of forty-four job contacts.  The medical record revealed that although Dr. Mark Prager signed a note on June 17, 1995 releasing claimant to return to work as of June 26, 1995, Dr. Prager also referred claimant to Dr. Frederick Fox at that time.  On June 28, 1995, Dr. Fox opined that claimant was disabled from working.  On September 11, 1995, Dr. Fox indicated that claimant should be matched with a rehabilitation counselor for consideration of light-duty work.  Claimant began his job search the next day.

Based upon this record, we cannot say as a matter of law

3

that the commission erred in ruling that claimant had no duty to market his residual capacity until after September 11, 1995 and that he adequately marketed his residual capacity after that date.

### III.  Injury by Accident

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Claimant testified that on June 6, 1995, at approximately 2:15 p.m., while working at a job site at Great Oaks, he felt a sudden tearing across his back while lifting a 600-pound pre-fabricated wall onto a deck with his co-worker, Greg Campbell.  Claimant testified that he told his supervisor, Tim Cubbage, about the accident shortly after it occurred.  Claimant also stated that he called the owner, Kenny Cubbage, the next morning and informed Kenny Cubbage that he would not be coming into work because of the accident.

On June 8, 1995, claimant sought medical treatment from Dr. Prager.  Dr. Prager recorded a history of claimant sustaining a back injury at work on June 7, 1995 while lifting a pre-fabricated wall.  Claimant testified that Dr. Prager incorrectly recorded the accident date.  On June 28, 1995, Dr.

4

Fox recorded a history consistent with claimant's description of the accident.

Claimant's testimony conflicted in various respects with the testimony of Campbell and the Cubbages, employer's witnesses. The commission, after observing the demeanor of the witnesses and reviewing the totality of the evidence, found claimant credible and afforded greater weight to his testimony than to the contrary accounts of employer's witnesses.

"In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). In this instance, the issue of whether claimant sustained an injury by accident arising out of and in the course of his employment was entirely dependent upon the credibility of the witnesses. The commission, in considering the testimony of the witnesses, found claimant's testimony, which was corroborated by the medical histories, to be credible. We are bound by that finding. "Although contrary evidence may exist in the record, findings of fact made by the commission will be upheld on appeal when supported by credible evidence." Bullion Hollow Enters., Inc. v.

5

Lane, 14 Va. App. 725, 730, 418 S.E.2d 904, 907 (1992).

For these reasons, we affirm the commission's decision.

Affirmed.