COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

FRANK EDWARD SERGI

MEMORANDUM OPINION[*]
v.    Record No. 2107-98-4          PER CURIAM
MARCH 2, 1999
WASHINGTON METRO AREA TRANSIT AUTHORITY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Matthew H. Swyers; Koonz, McKenney, Johnson,
DePaolis & Lightfoot, on brief), for
appellant.

(Robert C. Baker, Jr.; Michael E. Ford; Mell,
Brownell & Baker, on brief), for appellee.

Frank E. Sergi contends that the Workers' Compensation

Commission erred in finding (1) he failed to prove a compensable

injury by accident occurring on July 21, 1997, in his employment

with Washington Metro Area Transit Authority ("WMATA"); and (2)

he inadequately marketed his residual work capacity after August

22, 1997.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

I.

The commission affirmed the deputy commissioner's ruling

that Sergi's evidence "established the occurrence of a

compensable injury by accident."  The commission held that

"[t]his evidence establishes an injury by accident arising out of

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

and in the course of the employment."  WMATA did not appeal that finding to this Court.  Therefore, it has become final and is binding upon this Court.

The full commission reversed the deputy commissioner's holding that Sergi's back strain aggravated his pre-existing degenerative disc disease.  Based upon a review of the medical evidence, the commission found credible evidence that the July 21, 1997 muscular strain did not aggravate Sergi's pre-existing degenerative disc disease.  The evidence contains opinions from Dr. Levitt and Dr. Nieman that Sergi suffered only a muscular strain of the lower back.  Although Dr. Cirillo responded affirmatively to a questionnaire that asked whether the disc disease was causally related to the accident, the commission "found it unlikely that [Sergi's] degenerative disc disease, with which he was diagnosed three days after the accident, could have been caused by the accident."

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991).  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). In its role as fact finder, the commission was entitled to weigh the medical evidence and to give greater weight to the opinions of Dr. Neiman and Dr. Levitt.  Furthermore, "[w]here reasonable inferences may be drawn from the evidence in support of the

commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). The commission's finding that the muscular strain suffered by Sergi as a result of his compensable injury by accident did not aggravate his pre-existing degenerative disc disease is supported by credible evidence and, thus, is binding on this appeal.

## II.

The parties stipulated at the hearing that Sergi was partially incapacitated after August 22, 1997. Accordingly, we must address the marketing issue.

To establish his entitlement to benefits, Sergi had the burden of proving "that he made a reasonable effort to procure suitable work but was unable to market his remaining work capacity." Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). Unless we can say as a matter of law that Sergi's evidence sustained his burden of proving that he made a reasonable effort to market his residual work capacity, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Sergi's evidence proved he was released by his treating physician on August 22, 1997 to return to light-duty work. Sergi testified that his efforts to find employment after that date consisted of making telephone calls to prospective employers, looking in the newspaper, and talking to some friends. He documented his efforts on a list which showed seven job contacts between September 22, 1997 and February 7, 1998. Sergi made one job contact on September 22, 1997 and one job contact on October 3, 1997. He did not make another job contact, according to his written list, until February 1, 1998. The remaining five job contacts contained on the written list occurred during a six-day period, between February 2, 1998 and February 7, 1998, three weeks before the hearing. One of those job contacts was with the same prospective employer Sergi had contacted on October 3, 1997. Although Sergi testified that the list did not include all of his job contacts, he admitted that he made only one job contact in September 1997 and one job contact in October 1997. Sergi did not list any employers he contacted by telephone or any friends he may have spoken to about prospective jobs.

Based upon this record, the commission affirmed the deputy commissioner's ruling that Sergi failed to prove that he made a reasonable effort to fully market his residual work capacity after August 22, 1997. "In determining whether a claimant has made a reasonable effort to market his remaining work capacity, we view the evidence in the light most favorable to . . . the prevailing party before the commission." National Linen Service

v. McGuinn, 8 Va. App. 267, 270, 380 S.E.2d 31, 32 (1989).  Thus, we note that the commission rejected part of Sergi's testimony and found as follows:

> First, we note that [Sergi] kept detailed records of his mileage to and from medical appointments for the purposes of seeking reimbursement as a part of his claim for benefits. . . .  We think it likely that if he had been making telephone contacts as he alleged, that those contacts would have been recorded as well.  Second, we find it unlikely that in almost six months there were only seven places of potential employment in the Washington Metropolitan Area that he found at which he could file applications.  Third, [Sergi] apparently did not register with the Virginia Employment Commission and utilize their services in attempting to locate employment.  Considering the factors set forth in National Linen Service v. McGuinn, 8 Va. App. 267, 380 S.E.2d 31 (1989), we do not think that [Sergi] has demonstrated a reasonable effort to fully market his residual capacity.

The evidence concerning Sergi's efforts to market his residual capacity after August 22, 1997 was largely dependent upon his credibility.  The commission found to be unpersuasive a significant part of Sergi's testimony regarding his marketing efforts.  As fact finder, the commission was entitled to reject Sergi's testimony.  It is well settled that credibility determinations are within the fact finder's exclusive purview.  See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  Based upon the documentary evidence submitted by Sergi, which showed a minimal marketing effort, at best, we cannot conclude as a matter of law that he sustained his

- 5 -

burden of proving that he made a reasonable effort to market his residual work capacity after August 22, 1997.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>
