COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

WOOD VENDING, INC.
AND
PROVIDENCE WASHINGTON INSURANCE COMPANY

MEMORANDUM OPINION*

v.   Record No. 1237-95-1                          PER CURIAM
                                             NOVEMBER 28, 1995
DANIEL HAROLD MINESKY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (William C. Walker; Donna White Kearney; Bradford C.
               Jacob; Taylor & Walker, on briefs), for appellants.

               (Daniel H. Minesky, pro se, on brief).


     Wood Vending, Inc. and its insurer (hereinafter collectively
referred to as "employer") contend that the Workers' Compensation
Commission erred in (1) finding that Daniel Harold Minesky
("claimant") proved that he made a reasonable effort to market
his residual work capacity after May 9, 1994; and (2) considering
certain documents submitted by claimant as after-discovered
evidence.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

     In order to establish entitlement to benefits, a partially
disabled employee must prove that he has made a reasonable effort
to procure suitable work but has been unable to do so.  Great

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." The Greif Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993). We have discussed factors which the commission should consider in deciding whether a claimant has made reasonable good faith efforts to market his remaining capacity:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted). In reviewing the commission's findings, "we view the evidence in the light most favorable to . . . the party prevailing before the commission." Id. at 270, 380 S.E.2d at 33. "However, where, as here, there is no conflict in the evidence as to the relevant factors, the question of sufficiency is one of law." Sipe, 16 Va. App. at 716, 434 S.E.2d at 318.

In awarding temporary total disability benefits to Minesky, the commission found that Minesky made a reasonable effort to market his remaining capacity. We cannot say that the commission erred as a matter of law in making this determination. The evidence before the deputy commissioner and the full commission

2

showed that Minesky contacted at least thirty potential employers between May 19, 1994 and September 28, 1994. He also registered with the Virginia Employment Commission ("VEC") and the West Virginia Employment Commission. The commission reasonably inferred from Minesky's testimony that he satisfactorily documented potential employment contacts in order to continue to receive unemployment benefits in West Virginia.[1]

Taking into account this undisputed evidence, Minesky's ninth grade education, and his lifting restriction which precludes most employment as a welder or mechanic, we find sufficient credible evidence exists to support the commission's finding that Minesky made a reasonable effort to market his residual work capacity.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

---

[1]The commission did not indicate in its review opinion that it relied upon the VEC job contact forms, Minesky's correspondence with the Virginia Department of Labor and Industry, or Dr. Gold's November 7, 1994 work excuse to support its finding on the marketing issue. Accordingly, employer's second question presented is without merit.