COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


OCEAN COVE CONSTRUCTION CO., INC.
AND
NATIONWIDE MUTUAL INSURANCE COMPANY

                                        MEMORANDUM OPINION[*]
v.   Record No. 2620-95-1                   PER CURIAM
                                           MAY 14, 1996
STEVAN LEE TROUTMAN


                                 FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (Fay F. Spence; Spence & Whitlow, on briefs), for
            appellants.

            (Gregory E. Camden; Rutter & Montagna, on brief), for
            appellee.


     Ocean Cove Construction Co., Inc. and its insurer contend
that the Workers' Compensation Commission erred in finding that
it did not prove that Stevan L. Troutman ("claimant") failed to
(1) market his residual capacity after his light-duty release;
and (2) cooperate with vocational rehabilitation efforts.  Upon
reviewing the record and the briefs of the parties, we conclude
that this appeal is without merit.  Accordingly, we summarily
affirm the commission's decision.  Rule 5A:27.

                         I.  <u>Marketing</u>

     In order to establish entitlement to benefits, a partially
disabled employee must prove that he has made a reasonable effort
to procure suitable work but has been unable to do so.  <u>Great</u>

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Atl. & Pac. Tea Co. v. Bateman</u>, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." <u>The Greif Companies v. Sipe</u>, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993). We have discussed factors which the commission should consider in deciding whether a claimant has made reasonable good faith efforts to market his remaining capacity:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

<u>National Linen Serv. v. McGuinn</u>, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted). In reviewing the commission's findings, "we view the evidence in the light most favorable to . . . the party prevailing before the commission." <u>Id.</u> at 270, 380 S.E.2d at 33.

In awarding temporary partial disability benefits to claimant, the commission found that claimant marketed his residual work capacity. In so ruling, the commission found the following:

> The medical record reflects that claimant is under light-duty restrictions which include no heavy lifting, climbing, carrying, squatting, kneeling, or working above ground. This essentially precludes claimant from returning to his preinjury job. However, he did obtain employment with his preinjury employer, of which he is part-owner. It

2

> appears that the salary is commensurate with the work claimant is performing, and there is no evidence before us to indicate that there are any other employees with this company performing the same duties and receiving a greater salary. Neither does the evidence establish the availability of work with a different employer which would pay a greater wage. Having obtained this position with his preinjury employer, we find, in this case, that the claimant has no further duty to market his residual capacity.

These findings are supported by Dr. Morina's records, claimant's testimony, and the evidence concerning the jobs, which Janie Vogel, placement specialist, submitted to claimant for his consideration. Accordingly, based upon this record, we cannot say as a matter of law that the commission erred in ruling that claimant adequately marketed his residual capacity.

## II. Vocational Rehabilitation

In ruling the evidence was insufficient to prove that claimant failed to cooperate with vocational rehabilitation, the commission found as follows:

> [T]he potential jobs identified by the placement specialist consisted of two jobs with an indeterminate hourly wage; one job with an hourly wage of $4.50, while his current position paid $7 per hour plus benefits; one position which paid an hourly rate less than or equal to his current position; a part-time position, which his position with the preinjury employer is full-time; and a position which required an HVAC license which he did not hold. We note Vogel's testimony that an HVAC background was not required. However, the letter sent to the claimant listed this as a job requirement, and he testified that the potential employer informed him that HVAC licensure was a prerequisite.

3

These findings are supported by the testimony of claimant and Vogel, and demonstrated that the jobs identified by Vogel did not offer a greater wage than claimant was receiving from employer. Accordingly, we cannot say as a matter of law that the commission erred in finding that employer failed to prove that claimant did not cooperate with vocational placement. As the commission correctly noted, employer's contentions that these jobs offered the earning potential of greater wages and possible benefits constituted speculation and were not supported by any evidence.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

4