COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


NEWPORT NEWS BAPTIST RETIREMENT COMMUNITY AND
 HARTFORD FIRE INSURANCE COMPANY
                                    MEMORANDUM OPINION[*]
v.    Record No. 0707-97-1              PER CURIAM
                                       JULY 15, 1997
CHERYL KENNEDY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Susan B. Potter; Vandeventer, Black Meredith
               & Martin, on brief), for appellants.

               (Byron A. Adams, on brief), for appellee.


     Newport News Baptist Retirement Community (employer)

contends that the Workers' Compensation Commission (commission)

erred in finding that Cheryl Kennedy (1) proved she sustained an

injury by accident arising out of and in the course of her

employment on January 3, 1996; (2) did not unjustifiably refuse

selective employment offered by employer as of January 30, 1996;

and (3) made a good faith effort to market her residual work

capacity during her periods of light-duty release.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

                                I.

     "In order to carry [the] burden of proving an 'injury by

accident,' a claimant must prove that the <u>cause</u> of [the] injury

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

In ruling that Kennedy credibly described an injury by accident, the commission found as follows:

> [Kennedy] had no prior shoulder problems, although she had a back injury in 1992 for which she missed very little work. While not recording the accident, Dr. [Vincent] Joseph's records do not contradict the happening of an accident. We are impressed by the consistency of [Kennedy's] account as reflected in the documentary records. Dr. [Wilfred R.] Gillis recorded that [Kennedy] pulled a muscle while "<u>lifting</u> <u>patient</u>" at work. Dr. [Kenneth] Putland recorded "right shoulder pain <u>since</u> <u>lifting</u> <u>a</u> <u>patient</u> <u>on</u> <u>1/3/96</u>." Dr. [Thomas M.] Stiles recorded on February 5, 1996, that approximately one month earlier [Kennedy] experienced acute pain in her shoulder while lifting a patient at work. When she reported the incident to her employer on January 23, 1996, she recounted precisely the same history, of lifting a particular patient on the morning of January 3, 1996, when she felt a pull and sharp pain in her shoulder. [Kennedy's] handwritten incident report gives exactly the same history. We find [Kennedy's] credibility enhanced by the fact that she has repeatedly named the patient and the co-worker present during the incident. Although the employer requires immediate reporting of accidents, it is understandable that in a job which involves heavy lifting, an employee would not necessarily report every muscle strain. [Kennedy] credibly stated that she believed the problem would resolve itself. We do not find that the failure of [Kennedy] to report the accident for twenty days to her employer refutes the evidence supporting the occurrence as described by [Kennedy].

2

Kennedy's testimony, which was corroborated by the histories contained in the medical records of Drs. Gillis, Putland, and Stiles, and by Kennedy's handwritten incident report, provides credible evidence to support the commission's finding that she sustained an injury by accident arising out of and in the course of her employment on January 3, 1996.  Thus, that finding is conclusive on this appeal.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Employer argues that the commission erred in reversing the deputy commissioner's credibility determination.  We disagree. If, as in this case, "the deputy commissioner's determination of credibility is based upon the substance of the testimony rather than upon the witness's demeanor, such a finding is as determinable by the full commission as by the deputy."  Kroger Co. v. Morris, 14 Va. App. 233, 236, 415 S.E.2d 879, 880 (1992). The deputy commissioner's credibility determination was based on the evidence and the substance of the witnesses' testimony. Therefore, the full commission could make its own credibility determination.  See id.  In its role as fact finder, the commission was entitled to accept Kennedy's testimony, which was not inherently incredible.

## II.

"To support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for

the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" James, 8 Va. App. at 515, 382 S.E.2d at 489 (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)).

Marilynne Gladding, Kennedy's supervisor, offered a light-duty position to Kennedy on January 30, 1996. In response, Kennedy telephoned Gladding the next day, reporting that her pain had increased and she had an appointment with an orthopedist. On February 5, 1996, Dr. Stiles, an orthopedist, examined Kennedy. Dr. Stiles noted a history of severe pain since Kennedy's work-related accident. Dr. Stiles excused Kennedy from work beginning February 5, 1996 until he released her to light-duty on March 18, 1996.

Kennedy's testimony and Dr. Stiles' medical records provide credible evidence to support a finding that Kennedy did not unjustifiably refuse selective employment offered to her by employer. Accordingly, we cannot find as a matter of law that the commission erred in awarding Kennedy temporary total disability benefits for the period from January 12, 1996 through April 15, 1996 and from May 20, 1996 through May 28, 1996.

### III.

In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d

4

98, 101 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." The Greif Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993). We have discussed factors which the commission should consider in deciding whether a claimant has made reasonable good faith efforts to market his or her remaining capacity:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted). In reviewing the commission's findings, "we view the evidence in the light most favorable to . . . the party prevailing before the commission." Id. at 270, 380 S.E.2d at 33.

So viewed, the evidence established that after Dr. Stiles released Kennedy to light-duty work on March 18, 1996, Kennedy looked for jobs on a daily basis in the classified advertisements in the newspaper. She also registered with the Virginia Employment Commission. Between March 18, 1996 and April 5, 1996, Kennedy applied for jobs with Phar-Mor, Boulevard Cleaners, Farm Fresh, Blockbuster Video, The Devonshire, and Harris Select. Kennedy ultimately procured a job on her own with Harris Select,

5

which she began on April 16, 1996.

Based upon this credible evidence and the relatively brief period of time during which Kennedy searched for and successfully found employment, we cannot find as a matter of law that the commission erred in holding that Kennedy made good faith efforts to market her residual work capacity during her periods of light-duty release.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>