COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


BILLY NORTON/NORTON'S MARINA, INC.
AND
SELECTIVE INSURANCE COMPANY OF AMERICA
                                        MEMORANDUM OPINION*
v.    Record No. 0579-99-2                PER CURIAM
                                         JULY 20, 1999
GEORGE TOMPKINS GILL, JR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Cecil H. Creasey, Jr.; Jeffrey W. Saunders;
            Phyllis C. Katz; Sands, Anderson, Marks &
            Miller, on brief), for appellants.

            (Kathryn Spruill Lingle; Brenner, Dohnal,
            Evans & Yoffy, P.C., on brief), for appellee.


     Billy Norton/Norton's Marina, Inc. and its insurer

(hereinafter referred to as "employer") contend that the

Workers' Compensation Commission (commission) erred in (1)

failing to find that George Tompkins Gill, Jr.'s (claimant)

claim for temporary total disability benefits for the period

from April 12, 1997 through May 28, 1997 was barred by the

doctrine of res judicata; (2) finding that claimant adequately

marketed his residual work capacity; (3) refusing to allow

employer to call claimant's wife as a witness at the hearing;

and (4) allowing claimant to testify at the hearing when he did

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

not identify himself as a witness in his answers to interrogatories. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

## I.

Employer did not raise the doctrine of res judicata as a defense at the hearing before the deputy commissioner. In addition, employer did not assert res judicata in its request for review before the full commission. Employer mentioned res judicata for the first time in its written statement on review. In that written statement, employer did not raise res judicata as an issue on appeal. Rather, employer only made a brief reference to res judicata in the section of the written statement addressed to the issue of causation.

Under these circumstances, the commission did not err in failing to address the applicability of the doctrine of res judicata as a bar to claimant's claim, and we will not address it for the first time on appeal.

## II.

In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464,

359 S.E.2d 98, 101 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." The Greif Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993). The factors the commission should consider in deciding whether a claimant has made reasonable good faith efforts to market his remaining capacity are:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted). In reviewing the commission's findings, "we review the evidence in the light most favorable to . . . the party prevailing before the commission." Id. at 270, 380 S.E.2d at 33. Moreover, factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant proved that he made a good faith effort to market his residual work capacity, the commission found as follows:

> The claimant registered with the VEC in July and November 1997 and reviewed the classified advertisements for job leads. He

- 3 -

submitted a list of over 34 employers whom he personally contacted in his search for work, and he successfully found work after three months. The claimant resumed his search when Mount could no longer employ him, and he has maintained a job since January 5, 1998. He graduated from high school and has experience in performing manual labor. The evidence does not show that the claimant's search was unreasonable or that he self-limited his job search. As stated, Dr. [Steven M.] Fiore limited him to light-duty work, and it is reasonable that he would seek employment which did not involve heavy manual labor or lifting and bending, such as carpentry. The claimant still suffers back pain, takes medications, and does exercises.

The testimony of claimant and Wayne B. Mount and the documentary evidence submitted by claimant detailing his job contacts constitute credible evidence to support the commission's factual findings, which are binding on appeal. Based upon those findings, the commission did not err in holding that claimant proved he adequately marketed his residual capacity applying the guidelines enumerated in McGuinn.

### III.

In ruling that employer was neither "penalized nor prejudiced" by the commission not allowing employer to call claimant's wife as a witness to testify regarding a calendar she kept of the days claimant worked, the commission found as follows:

The employer cross-examined the claimant about the days worked and amounts earned by the claimant, and the Deputy Commissioner

- 4 -

also allowed the post-Hearing deposition of the claimant's employer, Mount, regarding the same information. Moreover, Interrogatory No. 2 requested the date of return to work; the name, address, and telephone number of the employer; the nature of the job; and the weekly income. The claimant completely answered these questions, and they were consistent with his and Mount's testimony. The question did not ask for records, and the claimant did not attempt to introduce the calendar into evidence. The record was fully developed regarding the earnings, and it does not appear that the calendar would have supplied anything more than cumulative information.

Rule 2.2 of the Rules of the Virginia Workers' Compensation Commission provides that "[e]xcept for rules which the Commission promulgates, it is not bound by statutory or common law rules of pleading or evidence nor by technical rules of practice." Based upon this rule and the lack of any evidence of prejudice to employer, we cannot say as a matter of law that the commission erred in refusing to permit employer to call claimant's wife as a witness to testify at the hearing.

IV.

In ruling that the deputy commissioner did not abuse his discretion in allowing claimant to testify, the commission found as follows:

It is true a Deputy Commissioner, in an exercise of his or her discretion, may exclude a witness when a party fails to answer interrogatories or identify the witness in interrogatory answers. However, one would assume that a party would potentially testify even if he is not

- 5 -

> formally designated as a witness. The
> Hearing was on the claimant's claim, and he
> had the burden of proof. Also, the record
> does not reflect that employer's counsel
> offered any evidence of prejudice.

In light of Rule 2.2, the fact that claimant bore the burden of proof, and employer's failure to show any evidence of genuine surprise or prejudice, the commission did not abuse its discretion in allowing claimant to testify.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>