COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Lemons


LANNY LEE MIDKIFF, JR.

                                          MEMORANDUM OPINION*
v.    Record No. 1554-99-1                    PER CURIAM
                                           NOVEMBER 2, 1999
HAMPTON ROADS SANITATION DISTRICT
AND
MANUFACTURERS ALLIANCE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Benjamin M. Mason; Lexine D. Walker; Mason,
                Cowardin & Mason, on brief), for appellant.

                (Richard E. Garriott, Jr.; Clarke, Dolph,
                Rapaport, Hardy & Hull, P.L.C., on brief),
                for appellees.


     Lanny Lee Midkiff, Jr. (claimant) contends that the

Workers' Compensation Commission (commission) erred in finding

that he was not entitled to an award of temporary partial

disability benefits subsequent to August 25, 1996 on the ground

that he failed to reasonably market his residual work capacity.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

     "In determining whether a claimant has made a reasonable

effort to market his remaining work capacity, we view the

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

evidence in the light most favorable to . . . the prevailing party before the commission." National Linen Serv. v. McGuinn, 8 Va. App. 267, 270, 380 S.E.2d 31, 32 (1989). A claimant has the burden of proving entitlement to benefits and that he made a reasonable effort to procure suitable work and to market his remaining work capacity. See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 100 (1987). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application for temporary partial disability benefits, the commission found as follows:

> The claimant's physical work restrictions are not severe, and the claimant has a wide range of marketable work skills. He acknowledged that there were many types of jobs which would be within his work restrictions. Aside from his attempt to start his own business, the claimant has made almost no effort to otherwise market his residual work capacity.
>
> The claimant had very little income from his self-employment in 1996. In 1997, he averaged approximately $127.92 per week. In 1998, he earned approximately $151.67 per week. Those weekly earnings are below minimum wage, and are less than half of his pre-injury average weekly wage of $332.14.
>
>      *      *      *      *      *      *      *
>
> [W]e are not willing to accept the claimant's earnings from his self-employment

as reflecting his actual wage earning capacity. When considering factors such as his age, education, skills, work history, and minimal restrictions, we find it unreasonable that the claimant did not seek suitable employment from other employers.

The commission fully considered the factors set out in National Linen, 8 Va. App. at 272-73, 380 S.E.2d at 34-35, and found that claimant did not meet his burden of proving that he made a reasonable effort to market his remaining work capacity. The commission's findings are amply supported by the record.

In light of claimant's minimal physical restrictions and the undisputed evidence that he failed to pursue numerous job opportunities available to him, we cannot find as a matter of law that he made a good faith reasonable effort to market his residual capacity.

For these reasons, we affirm the commission's decision.

Affirmed.