COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bumgardner and Lemons


CVS DISTRIBUTION CENTER/CVS CORPORATION
                                        MEMORANDUM OPINION*
v.    Record No. 1993-99-2                  PER CURIAM
                                         DECEMBER 21, 1999
DELORIS ANNE BATTLE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Ralph L. Whitt, Jr.; Williams, Lynch &
            Whitt, on brief), for appellant.

            (Wesley G. Marshall, on brief), for appellee.


      CVS Distribution Center/CVS Corporation (employer) contends

that the Workers' Compensation Commission (commission) erred in

finding that (1) employer failed to prove that it made a <u>bona</u>

<u>fide</u> offer of selective employment to Deloris Anne Battle

(claimant); (2) employer failed to prove that claimant

unjustifiably refused selective employment; and (3) claimant

proved that she adequately marketed her residual work capacity.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  <u>See</u> Rule 5A:27.

                            I. and II.

      On appeal, we view the evidence in the light most favorable

to the prevailing party below.  <u>See</u> <u>R.G. Moore Bldg. Corp. v.</u>

_____

      * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "To support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989) (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)).

In holding that employer failed to prove that it made a bona fide offer of light-duty employment to claimant, the commission found as follows:

> The claimant's testimony that [Mark] Ball failed to give her any job specifics, such as when, what time, and what job description, was not refuted. There is no evidence that she received any information about the job or a written approval from Dr. [Thorp J.] Davis. The employer submitted a letter from its operations manager dated June 25, 1998, stating that the claimant was terminated for failing to show on June 22, 1998, "to an alternative duty assignment . . ." This evidence does not prove a legitimate offer. Further, the claimant testified to her confusion about returning to light duty because her written work excuse was through June 30, 1998, which confusion is understandable. At most, the record establishes that the employer communicated an offer to Dr. Davis and that he talked about light duty with [claimant]. Yet, he was the treating physician, not an employer representative.

Claimant's unrefuted testimony supports the commission's finding that employer never offered claimant a light-duty job in June 1998.  While employer may have made Dr. Davis aware of such a job, employer never specifically communicated a job offer to claimant, whose treating physician had left her with the impression that she was excused from work until at least June 30, 1998.

Based upon claimant's testimony, the commission could reasonably conclude that employer did not make a bona fide offer of selective employment to claimant which she could have either accepted or refused on June 22, 1998.  Accordingly, we cannot find as a matter of law that employer sustained its burden of proving that it made a bona fide offer of selective employment to claimant.  Based upon our ruling on this issue, we need not address employer's contention that claimant unjustifiably refused light-duty employment.

## III.

In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987).  "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case."  The Greif Companies v. Sipe, 16 Va. App. 709, 715,

434 S.E.2d 314, 318 (1993).  The factors the commission should consider in deciding whether a claimant has made reasonable good faith efforts to market his or her remaining capacity are:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted).  In reviewing the commission's findings, "we review the evidence in the light most favorable to . . . the party prevailing before the commission." Id. at 270, 380 S.E.2d at 33.  Moreover, factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant proved that she made a good faith effort to market her residual work capacity, the commission found as follows:

> Regardless of [claimant's] disputed light- or regular-duty status, she began searching for alternative employment on June 27, 1998, through the newspaper, temporary agencies, and the VEC.  The claimant's job search list reflects over 60 employers contacted and includes some repeated attempts and filings of applications.  Considering her age, the

- 4 -

extent and nature of her injury, her
experience, and her eventual success in
getting a new job, we find that she
adequately marketed.  Contrary to employer's
argument, the duty to market does not
require an injured claimant to seek
employment from her previous employer.

Claimant's testimony and the documentary evidence submitted

by her detailing her job contacts constitute credible evidence

to support the commission's factual findings, which are binding

on appeal.  Based upon those findings, the commission did not

err in holding that claimant proved she adequately marketed her

residual capacity, applying the guidelines enumerated in

McGuinn.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>