COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


EMMETT JOHNSON JAFARI

                                      MEMORANDUM OPINION*
v.    Record No. 2024-99-2                 PER CURIAM
                                       DECEMBER 28, 1999
CRATER YOUTH CARE COMMISSION
 AND VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Emmett J. Jafari, pro se, on brief).

             (Ralph L. Whitt, Jr.; Michael P. Del Bueno;
             Williams, Lynch & Whitt, P.C., on brief), for
             appellees.


     Emmett Johnson Jafari (claimant) contends that the Workers'

Compensation Commission (commission) erred in denying him

compensation benefits on the ground that he failed to adequately

market his residual work capacity after August 28, 1998.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     In order to establish entitlement to benefits, a partially

disabled employee must prove that he has made a reasonable

effort to procure suitable work but has been unable to do so.

See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464,

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

359 S.E.2d 98, 101 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." The Greif Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993). The factors the commission should consider in deciding whether a claimant has made reasonable good faith efforts to market his or her remaining capacity are:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted). In reviewing the commission's findings, "we review the evidence in the light most favorable to . . . the party prevailing before the commission." Id. at 270, 380 S.E.2d at 33. Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant failed to prove that he made a good faith effort to market his residual work capacity, the commission found as follows:

> While the claimant testified to a continuous employment search beginning in November

-

1997, the time frame at issue pertains to his search for suitable employment after the [May 31, 1998] injury and [the August 27, 1998] release to light duty. At the Hearing, he named five potential employers with whom he sought employment, and in his answers to interrogatories, he list four. The claimant's other evidence of marketing consisted of several unsubstantiated and somewhat conflicting statements of his attempts to find suitable employment. First, he testified that he had made between 12 and 14 employment contacts since November 1997. Then the claimant testified that he had made 12 to 14 employment contacts since July 1998. He later testified that he applied for 8 to 12 positions, in addition to the 12 to 14. These were "guesstimates" and the claimant did not support this testimony by identifying any of these alleged contacts. Considering the nature of his injury, work experience, age, and skills, this is not adequate proof of marketing over a period of approximately two months. There were only five specific contacts identified. Also, considering the relatively brief period between the time of the Hearing and the relevant marketing period, it is significant that the claimant could only specifically identify four to five contacts.

The commission's findings with respect to claimant's release to light duty in August 1998 and his marketing efforts are amply supported by the record. Based upon this record and applying the guidelines enumerated in McGuinn, we cannot find as a matter of law that claimant proved he adequately marketed his residual work capacity between August 28, 1998 and November 1, 1998, the date his physician released him to return to work without restrictions.

-

We note that the record does not contain any factual or legal basis to support claimant's argument that employer should not have been entitled to rely upon the defense that claimant failed to adequately market his residual capacity.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

-