COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY

                                          MEMORANDUM OPINION*
v.    Record No. 2108-99-4                    PER CURIAM
                                          FEBRUARY 8, 2000
ALBERTUS BAKER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (William T. Kennard; Robert C. Baker; Mell,
                Brownell & Baker, on brief), for appellant.

                (Lawrence S. Jacobs; Bruce M. Bender; Jacobs,
                Abod & Caruso, LLC; Van Grack, Axelson &
                Williamowsky, P.C., on brief), for appellee.


        Washington Metropolitan Area Transit Authority (employer)

contends that the Workers' Compensation Commission (commission)

erred in finding that Albertus Baker (claimant) proved that he

adequately marketed his residual work capacity after August 1,

1998.  Upon reviewing the record and the briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

        In order to establish entitlement to benefits, a partially

disabled employee must prove that he has made a reasonable

effort to procure suitable work but has been unable to do so.

See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464,

___

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

359 S.E.2d 98, 101 (1987).  "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case."  The Greif Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993).  The factors the commission should consider in deciding whether a claimant has made reasonable good faith efforts to market his or her remaining capacity are:

> (1) the nature and extent of employee's
> disability; (2) the employee's training,
> age, experience, and education; (3) the
> nature and extent of employee's job search;
> (4) the employee's intent in conducting his
> job search; (5) the availability of jobs in
> the area suitable for the employee,
> considering his disability; and (6) any
> other matter affecting employee's capacity
> to find suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted).  In reviewing the commission's findings, "we review the evidence in the light most favorable to . . . the party prevailing before the commission."  Id. at 270, 380 S.E.2d at 33.  Moreover, factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant proved that he made a good faith effort to market his residual work capacity, the commission found as follows:

> [T]he claimant did prove that he reasonably
> marketed his residual work capacity after he
> started working for Home Mortgage Center,

Inc. . . . The claimant made significant effort to learn the mortgage business and has been successfully earning substantial commissions. His wage loss clearly resulted from his physical inability to perform his pre-injury bus-driving job. There is no evidence that the claimant simply accepted a job below his earning ability. Based on his work experience, age, and the extent of his disability, he reasonably marketed his residual work capacity after August 1, 1998, and is entitled to partial disability benefits.

Credible evidence proved that claimant suffers from a significant disability in his neck and lower back preventing him from performing his pre-injury job as a bus driver. Claimant, age forty-nine, whose sole employment for the past twenty-three to twenty-four years was driving a bus, trained himself and secured full-time employment in the mortgage industry making significant income as of August 1, 1998.

Considering the factors set forth in McGuinn, ample credible evidence in the record supports the commission's finding that claimant proved he reasonably and adequately marketed his residual capacity after August 1, 1998. As the commission aptly stated, "Whether a claimant is entitled to temporary partial disability benefits depends upon multiple factors, not simply a comparison between the pre-injury and post-injury wages."

For these reasons, we affirm the commission's decision.

Affirmed.