COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


SMITHFIELD FOODS, INC. AND
 LUMBERMENS MUTUAL CASUALTY COMPANY

                                    MEMORANDUM OPINION*
v.    Record No. 2235-99-2              PER CURIAM
                                      FEBRUARY 8, 2000
CHARLES JOHNSON, JR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (William W. Nexsen; J. Derek Turrietta;
            Stackhouse, Smith & Nexsen, on brief), for
            appellants.

            No brief for appellee.


     Smithfield Foods, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission (commission) erred in finding that

Charles Johnson, Jr. (claimant) adequately marketed his residual

work capacity beginning April 4, 1996.  Upon reviewing the

record and the opening brief, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     In order to establish entitlement to benefits, a partially

disabled employee must prove that he has made a reasonable

effort to procure suitable work but has been unable to do so.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." The Greif Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993). We have discussed factors which the commission should consider in deciding whether a claimant has made reasonable good faith efforts to market his remaining capacity:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted). In reviewing the commission's findings, "we view the evidence in the light most favorable to . . . the party prevailing before the commission." Id. at 270, 380 S.E.2d at 33.

In awarding benefits to claimant, the commission considered the McGuinn factors and found as follows:

> [T]he uncontradicted and indisputable medical evidence confirms that the claimant has a serious back condition that continues to affect his job search efforts, severely limiting the opportunities that would otherwise be available to him. . . .

- 2 -

. . . Johnson as of the June 8, 1997 hearing was 47 years old. The claimant only has a third grade education, and he cannot read or write, except to sign his name. Johnson's credible testimony established that he was employed once at a peanut factory for approximately 2 1/2 months, but his work thereafter was limited to jobs as a construction laborer and other menial work, e.g., cleaning glasses at a disco bar. This minimal education, illiteracy, and limited work experience further severely handicaps Johnson's employment opportunities.

. . . [Claimant's] wife had to accompany him on job search excursions, because he . . . could not fill out employment applications . . . . [Johnson's] wife was employed, so the claimant's job search efforts were additionally limited to periods when his wife was not working.

. . . In light of these factors, and [claimant's] credible testimony at the evidentiary hearings, as well as the comments from his treating physician about [claimant's] concern relative to his continuing unemployment, we conclude that the evidence establishes more than sufficient intent by the claimant in conducting his job search . . . .

. . . Johnson's uncontradicted testimony established that his job search efforts were sufficient to satisfy the Virginia Employment Commission [VEC], which paid unemployment compensation to [him].

Claimant's testimony, the medical evidence, and the documentary evidence detailing claimant's job contacts constitute credible evidence to support the commission's factual findings, which are binding on appeal. Based upon those findings and in considering the factors enumerated in McGuinn, the commission could reasonably conclude that claimant

- 3 -

adequately marketed his residual work capacity. In its role as fact finder, the commission articulated legitimate reasons for accepting claimant's testimony and evidence regarding his job contacts and for giving little probative weight to the affidavits obtained by employer.

For these reasons, we affirm the commission's decision.

Affirmed.
