COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judge Bumgardner and
        Senior Judge Hodges


COMMONWEALTH OF VIRGINIA/
 DEPARTMENT OF TRANSPORTATION
                                    MEMORANDUM OPINION*
v.   Record No. 0791-01-1              PER CURIAM
                                    AUGUST 21, 2001
RUFFIN HENRY SAVEDGE, JR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Mark L. Earley, Attorney General; Judith
            Williams Jagdmann, Deputy Attorney General;
            Gregory E. Lucyk, Senior Assistant Attorney
            General; Scott John Fitzgerald, Assistant
            Attorney General, on brief), for appellant.

            (Robert E. Walsh; Rutter, Walsh, Mills &
            Rutter, L.L.P., on brief), for appellee.


     Commonwealth of Virginia/Department of Transportation

(employer) contends that the Workers' Compensation Commission

erred in finding that Ruffin Henry Savedge, Jr. (claimant)

proved that he made a good faith effort to market his residual

work capacity between July 21, 1999 and June 26, 2000.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." The Grief Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993). We have discussed factors which the commission should consider in deciding whether a claimant has made reasonable good faith efforts to market his remaining capacity:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted). In reviewing the commission's findings, "we view the evidence in the light most favorable to . . . the party prevailing before the commission." Id. at 270, 380 S.E.2d at 33.

So viewed, the evidence proved that claimant sustained a compensable injury to his neck and shoulder while working for employer on March 13, 1991. Employer accepted the claim as

- 2 -

compensable and paid benefits to claimant for various periods of disability.

Claimant, a fifty-eight-year-old high school graduate, worked as a deck hand for employer for thirteen months before his injury. Before that, he worked as a welder for fifteen years. Since claimant's 1991 injury, employer has not offered him any vocational rehabilitation services. Claimant has permanent restrictions, established by the medical evidence, of sedentary work, with no lifting over ten pounds. He sustained a fifty-percent loss of use of his right arm.

In May 1999, claimant registered with the Virginia Employment Commission. Claimant sought employment leads through the newspaper, friends, and neighbors. Claimant provided a job contact list for the relevant time period, indicating that he made three job contacts per week. All of the jobs exceeded claimant's restrictions, but he testified that he did not know this fact until he made the contacts and talked with the people about the jobs. Claimant testified that he was advised to make three job contacts per week and, therefore, he limited his contacts to that number. He returned to some employers on more than one occasion to see if they might have an opening within his restrictions. The types of jobs claimant sought included farm worker, construction laborer, grounds man, stocker, cleaner, gas station attendant, lawn care, cook and maintenance

- 3 -

worker.  He applied to hotels, grocery stores, retail stores, retirement communities, service stations, fast food restaurants, construction companies, and gas stations.  He looked for jobs in the Surry, Williamsburg, and Jamestown areas.  Claimant estimated that he contacted seventy-five percent of the prospective employers in-person and twenty-five percent by telephone.  Claimant has not had a driver's license since 1993.  Claimant believed that he would have to pay a fine to reinstate his license.

Based upon this record, the commission found as follows:

> [T]he evidence establishes that the claimant marketed his residual capacity from July 21, 1999, through June 26, 2000.  In doing so, we note that the claimant has, with one exception, made three job contacts per week.  This has resulted in no offers of employment.  The employer has offered no assistance in the claimant's job search.  While we are troubled that the claimant limited his attempts at employment contacts to three per week, it is apparent that he did so based on being advised that this was sufficient.  In view of his background, severe disability, and the fact that there have been no job offers, we do not find this fatal to the claimant's case.  The claimant looked for employment in Surry, Williamsburg, and Jamestown, the areas he apparently has the most familiarity because they are in close proximity to his home and pre-injury work.  In the absence of any evidence that the claimant worked or had any connection with the Hopewell or Petersburg areas, plus the lack of any evidence concerning the proximity of his home to these cities, we do not find his failure to seek employment there fatal to his case.  Likewise, it is not unreasonable that the

- 4 -

claimant returned to employers during a one-year period to determine if they may have a job available within his restrictions.

The commission's findings are supported by credible evidence, including the medical records, claimant's testimony, and his list of job contacts. As fact finder, the commission could conclude that claimant's contact with three employers per week, over an approximately one-year period, was reasonable in light of claimant's age, level of education, prior work history of manual labor jobs, and his severe physical limitations.

As fact finder, the commission was entitled to conclude that claimant's limit on the number of job contacts per week and the particular geographical area of his search was not fatal to his case. Claimant testified that he was "advised" that he should make three job contacts per week. In addition, although employer asserts that claimant should have looked for work in the Hopewell and Petersburg areas, no evidence showed how close these areas were to his home or whether he had any prior connection to these areas. The law requires only a reasonable marketing effort, not the most efficient or best effort. Moreover, no evidence showed that appellant's failure to attempt to reinstate his driver's license indicated a lack of good faith in his efforts to market his residual work capacity.

Because the commission's findings are supported by credible evidence, we will not disturb them on appeal.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>