COURT OF APPEALS OF VIRGINIA

Present:    Judges Bumgardner, Kelsey and Senior Judge Hodges

DANNIE WILSON

                                                  MEMORANDUM OPINION*
v.        Record No. 1937-03-1                         PER CURIAM
                                                   FEBRUARY 17, 2004
PERDUE FARMS, INC.

             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Dannie Wilson, *pro se*, on brief).

             (Jennifer G. Tatum; Clarke, Dolph, Rapaport, Hardy & Hull, P.L.C.,
             on brief), for appellee.

        Dannie Wilson (claimant) contends the Workers' Compensation Commission erred in

finding that he failed to prove he adequately marketed his residual work capacity after being

placed on a leave of absence on October 1, 2001.  Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.[1]

        A partially disabled employee is required to make reasonable efforts to market his

residual earning capacity to be entitled to receive continued benefits.  See National Linen Serv.

v. McGuinn, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989).  "What constitutes a reasonable

marketing effort depends upon the facts and circumstances of each case."  The Greif Companies

v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993).  The factors the commission should

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Perdue Farms, Inc. (employer) contends that claimant's appeal should be dismissed
because his *pro se* brief did not include a Statement of Questions Presented as required by Rule
5A:20.  Because we summarily affirm the commission's decision, we decline to address
employer's argument.

consider in deciding whether a claimant has made reasonable good faith efforts to market his or her remaining capacity are:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Serv., 8 Va. App. at 272, 380 S.E.2d at 34 (footnotes omitted). In reviewing the commission's findings, "we review the evidence in the light most favorable to . . . the party prevailing before the commission." Id. at 270, 380 S.E.2d at 33. Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant failed to prove he made adequate efforts to market his residual work capacity after October 1, 2001, the commission found as follows:

> During the 28-week period between October 1, 2001, and the hearing on April 17, 2002, the claimant made a total of 33 job contacts including the three times he reported to work at Perdue. This is an average of 1.07 job contacts per week. With the exception of the contacts with Perdue, the claimant was unable to identify the date of the contact, the person with whom he spoke, the nature of the position available, or even if a position was available. Although the claimant looked in the newspaper, he did not even apply for any of the positions advertised.

The record amply supports the commission's findings with respect to claimant's marketing efforts. Based upon this record and applying the guidelines enumerated in McGuinn, we cannot find as a matter of law that claimant's evidence proved he adequately marketed his

residual work capacity after October 1, 2001.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>