COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


RAYNOR HEARANDUS HUNTER
                                    MEMORANDUM OPINION* BY
v.    Record No. 2731-00-1      JUDGE ROBERT J. HUMPHREYS
                                         JUNE 5, 2001
NEWPORT NEWS SHIPBUILDING AND
 DRY DOCK COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          John H. Klein (Gregory E. Camden; Montagna,
          Klein & Camden, L.L.P., on brief), for
          appellant.

          Benjamin M. Mason (Mason, Cowardin & Mason,
          P.C., on brief), for appellee.


     Raynor Hunter appeals a decision of the Virginia Workers'

Compensation Commission denying him temporary total disability

benefits for the period from January 17, 2000 and continuing.

Specifically, Hunter contends that the commission erred in

finding that he failed to market his residual work capacity for

this period of time.  Because this opinion has no precedential

value and because the parties are conversant with the facts, we do

not recite them in detail here.

     On appeal, "we review the evidence in the light most

favorable to the prevailing party."  R.G. Moore Bldg. Corp. v.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "[T]he fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding." Roanoke Belt, Inc. v. Mroczkowski, 20 Va. App. 60, 67-68, 455 S.E.2d 267, 270-71 (1995) (citation omitted).

From the period of mid-September to the end of October, Hunter applied for no new positions, but testified that he went to approximately 27 establishments to "check up" on the applications he had submitted during the summer of 1999. Hunter then ceased all attempts to search for employment three weeks prior to the beginning of hunting season, which started in November of 1999. Between January 17, 2000 and the date of the hearing, January 24, 2000, Hunter submitted approximately six applications for positions ranging from laborer to stock clerk. Hunter submitted these applications in the Franklin and Suffolk areas. Hunter testified that he had no reason to believe these establishments were hiring, he simply walked into the businesses and inquired about vacancies. Hunter also testified that he had no knowledge of whether these potential positions would have provided work within his physical restrictions.

The commission found that Hunter had failed to make a bona fide effort to market his residual work capacity beginning January 17, 2000, as Hunter only applied for employment to businesses in the Suffolk and Franklin areas, he failed to look for vacancy listings, he had no information about the positions

- 2 -

for which he applied, and he had made no effort to find employment until after his deposition, and one week prior to the hearing.

In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987).  "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case."  The Greif Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993).  The factors the commission should consider in deciding whether a claimant has made reasonable good faith efforts to market his or her remaining capacity are:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted).

We find the commission's decision to be supported by credible evidence.  The commission clearly considered the evidence and the factors set forth above in determining that Hunter's effort to seek employment only one week prior to the

hearing and the narrow parameters of his search, in conjunction with Hunter's lack of effort to even attempt to locate actual vacant positions within his physical restrictions, demonstrated that Hunter had failed to make a bona fide effort to market his residual employment capacity.  Further, contrary to Hunter's assertion that the commission should not have considered Hunter's job search, or lack thereof, prior to January 17, 2000, the date for which he sought benefits to begin, the commission was entitled to consider all of the evidence in determining Hunter's intent in conducting his job search.  Id.

Based on the above, the decision of the commission is affirmed.

Affirmed.