COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff*


MANASSAS PARK CITY SCHOOL BOARD AND
 VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION

v.   Record No. 0694-01-4

REBECCA SUE PHIPPS
                                           MEMORANDUM OPINION
                                                PER CURIAM
                                              JULY 17, 2001

REBECCA SUE PHIPPS

v.   Record No. 0711-01-4

MANASSAS PARK CITY SCHOOL BOARD AND
 VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Donald R. Morin; Elisabeth M. Ayyildiz;
            Morin & Barkley, on briefs), for Manassas
            Park City School Board and Virginia
            Municipal Group Self-Insurance Association.

            (R. Craig Jennings; Matthew J. Parini;
            Brandt, Jennings, Roberts, Davis & Snee,
            PLLC, on briefs), for Rebecca Sue Phipps.



     Rebecca Sue Phipps contends the Workers' Compensation

Commission erred in finding that she failed to prove she made a

reasonable effort to market her residual work capacity.  On

---

     * Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

cross-appeal, Manassas Park City School Board and its insurer (hereinafter referred to as "employer") contend the commission erred in finding that Phipps proved her left-sided herniated disc was causally related to her compensable injury by accident. Upon reviewing the record and the briefs of the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

## Residual Work Capacity

To establish entitlement to benefits, a partially disabled employee must prove that he or she has made a reasonable effort to procure suitable work but has been unable to do so. Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." The Grief Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993). "The commission . . . determines which . . . factors are more or less significant with regard to the particular case." National Linen Serv. v. McGuinn, 8 Va. App. 267, 272-73, 380 S.E.2d 31, 34 (1989).

"[W]e view the evidence in the light most favorable to . . . the party prevailing before the commission." Id. at 270, 380 S.E.2d at 33. So viewed, the evidence proved Phipps' doctor released her to perform light duty work as of September 1, 1999. When Phipps had discussion with her employer in September 1999,

the employer had no light duty work available. Phipps did not seek other work. She did not search for work based upon her belief that she could not work while applying for disability assistance. The record supports the commission's finding that Phipps failed to reasonably market her residual work capacity as of September 1, 1999. Phipps made no effort to market her residual work capacity. The commission did not abuse its discretion in concluding that Phipps' subjective perception did not relieve her of the duty to market her residual capacity. Accordingly, we cannot find as a matter of law that the evidence proved Phipps made a reasonable effort to market her residual work capacity.

Causation

"The actual determination of causation is a factual finding that will not be disturbed on appeal if credible evidence supports the finding." Ingersoll Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). In ruling that Phipps suffered a herniated disc and corresponding disability as a result of her compensable February 10, 1999 injury by accident, the commission found as follows:

> Dr. [Spencer G.] Feldmann and his associates have related the claimant's symptoms and herniated disc to the work incident. On February 12, 1999, [claimant] reported pain shooting down her left leg. Dr. Feldmann's examination revealed lumbar spine tenderness, lumbar muscle spasm, and left leg positive straight leg raising. He immediately suspected that the claimant

- 3 -

suffered a herniated disc. On May 5, 1999, Dr. [Gary A.] DeRosa noted continued left hip pain that radiated down the hip. On February 16, 2000, Dr. Feldmann opined that the herniated disc resulted from the industrial accident.

Dr. [Gabriel] Gluck has causally connected the claimant's condition to the work-related incident. On February 18, 1999, [claimant] told [Dr. Gluck] about intense left leg and thigh discomfort. Dr. Gluck diagnosed a lumbar strain and advised that the claimant's previous back problems were not contributory. On May 25, 1999, Dr. Gluck opined that the condition was an exacerbation of the February 1999 work-related incident. On August 17, 1999, he reported that the weakness of the left ankle dorsiflexors and the L4-5 disc herniation were consistent with the claimant's sudden pain which she felt in her back and leg while lifting the trash bag at work on February 10, 1999. On January 13, 2000, Dr. Gluck opined that it was possible that the disc herniation was caused by the February 10, 1999, accident. The opinions of Dr. Feldmann and Dr. Gluck are more persuasive than the opinion of Dr. [David C.] Urquia who only reviewed the medical records.

As fact finder, the commission weighed the medical evidence, accepted the opinions of Drs. Feldmann and Gluck, and rejected the contrary opinion of Dr. Urquia. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). The opinions of Dr. Feldmann and Dr. Gluck and Phipps' testimony constitute credible evidence to support the commission's finding. "The fact that there is contrary evidence in the record is of no consequence if there is

- 4 -

credible evidence to support the commission's finding."  Wagner

Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35

(1991).

For these reasons, we affirm the commission's decision.

Affirmed.

- 5 -