COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


JONATHAN L. LIPSCOMB

                                        MEMORANDUM OPINION*
v.    Record No. 2473-01-3              PER CURIAM
                                        FEBRUARY 12, 2002
QUALITY FOODS COOPERATIVE, INC. AND
 SELECTIVE INSURANCE COMPANY OF
 THE SOUTHEAST


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Craig P. Tiller; Davidson, Sakolosky,
            Moseley & Tiller, P.C., on brief), for
            appellant.

            (W. Christopher Wickham; Robert Harrington &
            Associates, on brief), for appellees.


     Jonathan L. Lipscomb (claimant) contends the Workers'

Compensation Commission (commission) erred in denying him an

award of temporary total disability benefits on the ground that

he failed to adequately market his residual work capacity

beginning November 17, 2000.  Upon reviewing the record and the

parties' briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

     A partially disabled employee is required to make

reasonable efforts to market his residual earning capacity to be

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

entitled to receive continued benefits.  See National Linen Serv. v. McGuinn, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989). "In determining whether a claimant has made a reasonable effort to market his remaining work capacity, we view the evidence in the light most favorable to . . . the prevailing party before the commission."  Id. at 270, 380 S.E.2d at 33.  "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case."  Greif Companies (GENESCO) v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993).

Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On November 17, 2000, Dr. William E. Albers, an orthopedist, released claimant to light-duty work, consisting of "sit down work with [right] hand dominant work, . . . [changing] positions when necessary."  Claimant asked employer whether any light-duty jobs were available.  Employer told claimant there were no light-duty positions available.  Claimant admitted that he made no further efforts to find suitable employment.

In light of claimant's failure to market his residual work capacity, other than his one inquiry of employer, the commission, as fact finder, could reasonably conclude that

-

claimant did not make an adequate effort to find employment within his restrictions.

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained his burden of proving that he adequately marketed his residual work capacity as of November 17, 2000. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>