COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Senior Judge Overton


THE GOODYEAR TIRE & RUBBER COMPANY AND
 LIBERTY INSURANCE CORPORATION

                                         MEMORANDUM OPINION*
v.    Record No. 3253-01-3                  PER CURIAM
                                           APRIL 9, 2002
LYNN WADE McGINNIS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (James A. L. Daniel; Elizabeth B. Carroll;
               Daniel, Vaughan, Medley & Smitherman, P.C.,
               on briefs), for appellants.

               (Stephen G. Bass; Carter, Craig, Bass,
               Blair & Kushner, P.C., on brief), for
               appellee.


     The Goodyear Tire & Rubber Company and its insurer

(hereinafter referred to as "employer") contend the Workers'

Compensation Commission erred in finding that Lynn Wade McGinnis

(claimant) proved that (1) he sustained an injury by accident

arising out of and in the course of his employment on January

15, 2000; and (2) a causal connection between his injury by

accident and his left knee condition and resulting disability.

Pursuant to Rule 5A:21, claimant raises the additional question

of whether the commission erred in finding that he had a duty to

market his residual work capacity, but failed to do so.  Upon

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

## I. Injury by Accident

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In holding that claimant sustained his burden of proving an injury by accident, the commission found as follows:

> The claimant testified that on January 15, 2000, he was training two new mill men. He was working with a 90-pound rubber ball, which kicked backwards and pushed him back, causing pain in his left knee. The employer's written statement identifies many discrepancies between the claimant's hearing testimony and the other evidence. The Deputy Commissioner, aware of the inconsistencies, found the claimant credible. On this record, we will not reverse her finding.

Claimant's testimony provides credible evidence to support the commission's findings. It is well settled that credibility determinations are within the fact finder's exclusive purview.

-

*Goodyear Tire & Rubber Co. v. Pierce*, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). The commission as fact finder, weighed the evidence, and resolved any inconsistencies in claimant's favor. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." *Wagner Enters., Inc. v. Brooks*, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II. Causation

"On appeal, we view the evidence in the light most favorable to the prevailing party below. *R.G. Moore Bldg. Corp. v. Mullins*, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." *Ingersoll-Rand Co. v. Musick*, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In ruling that claimant sustained his burden of proving a causal connection between his January 15, 2000 injury by accident and his left knee condition and his disability commencing April 27, 2000, the commission found as follows:

> The Deputy Commissioner properly relied on the opinions of Dr. [Paul] Settle and Dr. [Kevin] Speer regarding causation. Dr. Settle in his April 19, 2000, attending physician's report opined that the claimant's left knee condition was due to the incident as described by the claimant. Dr. Speer provided several attending physician's reports that linked the cause of

-

the claimant's condition to the January 15, 2000, incident.

The medical records and opinions of Drs. Settle and Speer provide credible evidence to support the commission's findings regarding causation and disability. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's findings." Wagner, 12 Va. App. at 894, 407 S.E.2d at 35.

### III. Marketing

"In determining whether a claimant has made a reasonable effort to market his remaining work capacity, we view the evidence in the light most favorable to . . . the prevailing party before the commission . . . ." National Linen Serv. v. McGuinn, 8 Va. App. 267, 270, 380 S.E.2d 31, 32 (1989). A claimant has the burden of proving entitlement to benefits and that he made a reasonable effort to procure suitable work and to market his remaining work capacity. Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 100 (1987). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The sole evidence of claimant's marketing efforts between February 8, 2001, the date Dr. Speer released claimant to light-duty work and March 8, 2001, the date of the hearing,

-

consisted of claimant's testimony that he looked for work with three employers.  No evidence showed that claimant registered with the Virginia Employment Commission.  In addition, the record does not show that he contacted employer to inquire about light-duty work.

Based upon this record, we cannot find as a matter of law that the commission erred in ruling that claimant failed to prove that he adequately marketed his residual work capacity.

For these reasons, we affirm the commission's decision.

Affirmed.