COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


WALL STREET DELI, INC. AND
 HARTFORD CASUALTY INSURANCE COMPANY
                                        OPINION BY
v.    Record No. 1781-99-4        JUDGE JERE M. H. WILLIS, JR.
                                        APRIL 18, 2000
JOHN KENNETH O'BRIEN


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Dawn E. Boyce (Trichilo, Bancroft, McGavin,
          Horvath & Judkins, P.C., on brief), for
          appellants.

          James F. Green (Ashcraft & Gerel, LLP., on
          brief), for appellee.


     On appeal from a decision of the Workers' Compensation

Commission awarding disability benefits to John Kenneth O'Brien,

Wall Street Deli, Inc., and Hartford Casualty Insurance Company,

hereinafter collectively referred to as "Wall Street," contend

(1) that the commission abused its discretion in remanding the

case for additional evidence, (2) that the evidence failed to

prove that O'Brien adequately marketed his residual work

capacity, and (3) that the evidence was insufficient to support

the award of disability benefits.  Because we find that O'Brien

failed to market his residual work capacity adequately, we

reverse the commission's award and enter final judgment for Wall

Street.  We do not address the other issues raised on appeal.

On October 15, 1996, O'Brien, a forty-eight-year-old college graduate and supervisor trainee, suffered a compensable injury to his head and neck. In early December 1996, he was released to light-duty employment. He moved to his parents' home in New York, registered with the New York Employment Commission and thereafter obtained a part-time job at Stonybrook Yacht Club, doing general maintenance and cleaning twelve to sixteen hours per week at $8.50 per hour. His pre-injury average weekly wage was $680. He attempted a second part-time job at a grocery store but found the required effort inconsistent with his injuries. He testified that his treating physician had recommended for him a twenty-hour workweek, preferably at four hours per day. After December 23, 1996, O'Brien continued his job at the yacht club, but made no further effort to find additional, other, or more lucrative employment.

Noting O'Brien's part-time employment with Stonybrook Yacht Club and his attempt at the other part-time job, but holding that he had not adequately marketed his residual capacity after December 23, 1996, the deputy commissioner awarded him temporary total disability benefits through December 23, 1996.

Both parties sought review. The full commission found that O'Brien's injury was compensable and that he had adequately marketed his residual work capacity. It remanded the case to the deputy commissioner to receive evidence of O'Brien's

earnings from his light-duty employment and to determine his partial disability benefits beginning December 23, 1996. The deputy commissioner did so and entered an award. Wall Street again sought review on the issues of marketing residual work capacity and sufficiency of the evidence to support an award after December 23, 1996. The full commission affirmed the deputy commissioner's award on both issues.

Where an employee's disability is partial, to establish his entitlement to benefits, he must prove that he made a reasonable effort to market his residual work capacity. See Washington Metropolitan Area Transit Authority v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 662 (1985); Manis Construction Co. v. Arrellano, 13 Va. App. 292, 293, 411 S.E.2d 233, 234 (1991). In determining whether a partially disabled employee has adequately marketed his residual work capacity, the commission should consider the following criteria:

> (1) the nature and extent of the employee's disability;
>
> (2) the employee's training, age, experience and education;
>
> (3) the nature and extent of the employee's job search effort;
>
> (4) the employee's intent in conducting his job search;
>
> (5) the availability in the area of jobs suitable for the employee, considering his disability; and

> (6) any other matter affecting the
> employee's ability to find suitable
> employment.

National Linen Service v. McQuinn, 8 Va. App. 267, 272, 380

S.E.2d 31, 34 (1989).

The determination of whether a partially disabled employee has adequately marketed his residual work capacity lies within the fact finding judgment of the commission, and its decision on that question, if supported by credible evidence, will not be disturbed on appeal. See Ford Motor Company v. Hunt, 26 Va. App. 231, 239, 494 S.E.2d 152, 156 (1997). However, that decision, to be affirmed, must be based upon credible evidence.

The record establishes without contradiction that after December 23, 1996, O'Brien made no effort to obtain more suitable and lucrative employment than his custodial job at Stonybrook Yacht Club. He produced no evidence of the availability or non-availability in the New York area of jobs more consistent with his education and capabilities. He produced no evidence of any effort on his part to secure or even to seek such employment. The record unquestionably established an abandonment of effort on his part after December 23, 1996. Inasmuch as the record establishes an absence of effort on his part, it fails to support the commission's finding that his efforts were reasonable.

The judgment of the commission is reversed.  Its award of benefits after December 23, 1996 is vacated.  Final judgment is rendered for Wall Street.

<u>Reversed.</u>
