COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


TRAVCORPS AND
 HARTFORD ACCIDENT & INDEMNITY COMPANY
                                    MEMORANDUM OPINION[**]
v.    Record No. 1897-01-4          PER CURIAM
                                     NOVEMBER 13, 2001
FAUSTINE I. COOPER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Roger L. Williams; Lauren M. Ebersole;
              Williams & Lynch, on brief), for appellants.

              (Gregory P. Perigard; Burgess, Locklin,
              Kernbach & Perigard, PLLC, on brief), for
              appellee.


     TravCorps and its insurer (hereinafter referred to as

"employer") contend that the Workers' Compensation Commission

erred in finding that Faustine I. Cooper proved that she

adequately marketed her residual work capacity after

November 18, 2000.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

        [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"The determination of whether a partially disabled employee has adequately marketed [her] residual work capacity lies within the fact finding judgment of the commission." Wall Street Deli, Inc. v. O'Brien, 32 Va. App. 217, 220-221, 527 S.E.2d 451, 453 (2000). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). In ruling that Cooper proved that she adequately marketed her residual work capacity beginning November 18, 2000, the commission found as follows:

> [Cooper] showed that she moved to California
> . . . [on November 18, 2000], and
> immediately began seeking employment. She
> presented evidence of 21 different jobs for
> which she made personal contacts, and she
> also stated that she applied at the
> California employment commission and made 16
> contacts with potential employers through
> that commission, for which she supplied
> contact information. She also searched the
> want-ads and inquired at places posting
> help-wanted signs.

On appeal, employer challenges the reliability of Cooper's job search and her credibility. As fact finder, the commission, weighed Cooper's evidence and accepted her uncontradicted testimony and documentary evidence regarding her marketing

- 2 -

efforts after November 18, 2000.  It is well settled that credibility determinations are within the fact finder's exclusive purview.  Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  Furthermore, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Because the commission's decision was based upon credible evidence, it will not be disturbed on appeal.  Accordingly, we affirm the commission's decision.

Affirmed.
