COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Agee and Senior Judge Coleman


NEWPORT NEWS SHIPBUILDING AND
 DRY DOCK COMPANY

                                        MEMORANDUM OPINION*
v.    Record No. 0954-02-1              PER CURIAM
                                        AUGUST 27, 2002
JOSEPH W. BURNETT, JR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Christopher R. Hedrick; Mason, Cowardin &
            Mason, P.C., on brief), for appellant.

            (Gregory E. Camden; Montagna, Breit, Klein &
            Camden, LLP, on brief), for appellee.


     Newport News Shipbuilding and Dry Dock Company (employer)

contends the Workers' Compensation Commission erred in finding

that Joseph W. Burnett, Jr. (claimant) proved (1) his left leg

condition was a compensable consequence of his 1992 right knee

injury; and (2) he adequately marketed his residual work

capacity after July 10, 2000.  Upon reviewing the record and the

parties' briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.  Compensable Consequence

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In ruling that claimant proved his left knee condition was a compensable consequence of his May 9, 1992 compensable work injury to his right knee, the commission found as follows:

> The compensable May 9, 1992, right knee accident required 2 arthroscopy procedures and a total knee replacement.  We have no evidence that before the 1992 accident, the claimant had any problem or a diagnosis of arthritis in his left knee.  It was only after two arthroscopy procedures to the right knee that the claimant first reported on November 4, 1998 a problem with the left knee.  While it appears that from the degree of arthritis in the left knee it pre-existed the accident, Dr. [Glenn] Nichols, the treating doctor, causally related the deterioration of the knee to the need to shift weight to the left knee because of the right knee surgeries.  Dr. Nichols has stated that without the right knee injury he could not say that the claimant would have required treatment for the left knee.  We find the opinion of Dr. Nichols to be more persuasive than that of Dr. [Patrick W.] O'Connell who examined the claimant one time at the request of the employer and Dr. [David] Tornberg who only reviewed medical records.

- 2 -

The medical records and opinions of the treating physician, Dr. Nichols, coupled with claimant's testimony, constitute credible evidence to support the commission's findings.  As fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. Nichols' opinions, and to reject the contrary opinions of Drs. O'Connell and Tornberg.  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).  Furthermore, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II.  Marketing

"What constitutes a reasonable marketing effort depends on the facts and circumstances of each case."  The Greif Cos. v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993) (citation omitted).  When the commission's factual determinations are supported by credible evidence, they will not be disturbed on appeal.  Wall St. Deli, Inc. v. O'Brien, 32 Va. App. 217, 220-21, 527 S.E.2d 451, 453 (2000).  The commission determines the weight to give the various criteria it considers.  National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (citing relevant factors).

- 3 -

In holding that claimant adequately marketed his residual work capacity, the commission found as follows:

> [C]laimant has attended the Job Club on two occasions. He has worked with at least three job counselors who have been unsuccessful in locating a position within his physical capacity. He has registered with the Virginia Employment Commission. While the claimant may have applied for some positions that a vocational rehabilitation specialist would not deem appropriate, this does not negate that his consistent actions of applying anywhere that a job was available were such as to demonstrate a genuine effort to locate possible employment. While some of the jobs that the claimant contacted were clearly not within his work restrictions, we find that a number of them were. We do not find that it was unreasonable for the claimant to apply for desk clerk positions particularly since a vocational counselor previously identified this as a possible job. The claimant also noted seeing desk clerks sitting. Based on the totality of the evidence including the inability of vocational counselor's to locate employment, we find that in this case the claimant sufficiently marketed his remaining capacity.

As fact finder, the commission weighed claimant's evidence and accepted his testimony and evidence regarding his marketing efforts. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). In light of the nature and extent of claimant's disability; his training, age, experience and education; the nature and extent of his job search; the intent of his job search; availability of jobs in the area; and his cooperation

- 4 -

with three vocational counselors who failed to locate suitable employment for him, the commission could reasonably conclude that claimant adequately marketed his residual work capacity. The fact that some of the jobs claimant applied for may have arguably entailed duties outside his work restrictions did not automatically preclude a finding by the commission that he adequately marketed his residual work capacity.

Because the commission's decision was based upon credible evidence, it will not be disturbed on appeal.

For these reasons, we affirm the commission's decision.

Affirmed.