COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


SAFEWAY, INCORPORATED
                                        MEMORANDUM OPINION*
v.    Record No. 2024-02-4                 PER CURIAM
                                         DECEMBER 3, 2002
LALIT RAM ARYA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Charles P. Monroe; Duncan & Hopkins, P.C.,
              on brief), for appellant.

              (James E. Swiger; Swiger & Cay, on brief),
              for appellee.


     Safeway, Inc. (employer) contends the Workers' Compensation

Commission erred in finding that Lalit Ram Arya (claimant)

proved that (1) his left shoulder/arm condition constitutes a

compensable consequence of his compensable February 17, 2000

right shoulder injury; and (2) he reasonably marketed his

residual work capacity from March 9, 2001 through May 8, 2001,

and from August 20, 2001 through November 14, 2001.  Upon

reviewing the record and the parties' briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. Compensable Consequence

> [The] doctrine [of compensable consequences], also known as the chain of causation rule, provides that "'where the chain of causation from the original industrial injury to the condition for which compensation is sought is direct, and not interrupted by any intervening cause attributable to the [employee's] own intentional conduct, then the subsequent [condition] should be compensable.'"

Food Distributors v. Estate of Ball, 24 Va. App. 692, 697, 485 S.E.2d 155, 158 (1997) (citation omitted). "The simplest application of this principle is the rule that all the medical consequences and sequelae that flow from the primary injury are compensable." American Filtrona Co. v. Hanford, 16 Va. App. 159, 163, 428 S.E.2d 511, 513 (1993) (citation omitted) (emphasis added).

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant proved that his left shoulder/arm condition was a compensable consequence of his initial right shoulder injury, the commission found as follows:

> [C]laimant established that his left shoulder surgery was necessitated by the increased use of the appendage because of the limitations on his right shoulder. We

are cognizant as noted in our previous opinions that the claimant saw a physician for left shoulder pain in 1995.  However, the claimant continued to perform his regular work and sought no additional treatment until April 3, 2001, after his second right shoulder surgery.  Dr. [Ramesh G.] Chandra the treating physician who performed the surgeries on the claimant has causally connected the left shoulder problem to the additional use.  He had an opportunity to observe the left shoulder during the surgical procedure and noted that there was not a significant pre-existing problem.  We find his opinion to be more persuasive than Dr. [Leo B.] Van Herpe who examined the claimant on one occasion and based much of his findings on his review of Dr. Chandra's reports and tests.

Dr. Chandra's medical records and opinions, coupled with claimant's testimony, constitute credible evidence to support the commission's finding that claimant proved that his left shoulder/arm condition was a compensable consequence of his compensable February 17, 2000 right shoulder injury.  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).  The commission was entitled to weigh the medical evidence, to accept Dr. Chandra's opinion, and to reject Dr. Van Herpe's contrary opinion.  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II.  Marketing

A partially disabled employee is required to make reasonable efforts to market his residual earning capacity to be entitled to receive continued benefits.  See National Linen Serv. v. McGuinn, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989). "In determining whether a claimant has made a reasonable effort to market his remaining work capacity, we view the evidence in the light most favorable to . . . the prevailing party before the commission."  Id. at 270, 380 S.E.2d at 33.  "What constitutes a reasonable marketing effort depends on the facts and circumstances of each case."  The Greif Cos. v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993) (citation omitted). When the commission's factual determinations are supported by credible evidence, they will not be disturbed on appeal.  Wall St. Deli, Inc. v. O'Brien, 32 Va. App. 217, 220-21, 527 S.E.2d 451, 453 (2000).  The commission determines the weight to give the various criteria it considers.  National Linen, 8 Va. App. at 272, 380 S.E.2d at 34 (citing relevant factors).

In ruling that claimant proved he made reasonable efforts to market his residual work capacity during the periods he was released to light duty work, the commission found as follows:

> The claimant has a five pound lifting
> restriction on each arm.  While the
> claimant's education in India is the
> equivalent of an associate degree, he has a
> very limited ability to read and write

- 4 -

English.  After his light duty position was terminated in March of 2001, he began seeking work through friends.  He has applied for cashier and restaurant positions.  He registered with the VEC in April.  On May 8, 2001, he had surgery on the left shoulder and was totally disabled.  Under the circumstances, we find that the claimant made a sufficient effort to find work during this period.  We further find that after the claimant was again released to light duty in August of 2001, he as supported by the documentary evidence made a good faith effort to secure employment within his very limited restrictions of not lifting over 5 pounds with either arm.

Claimant has a limited command of English and was restricted from lifting over five pounds with either arm during the relevant time periods.  Yet, after the termination of his light duty position, he looked for numerous jobs as a cashier and in the restaurant business through friends and through visits to various business locations.  He registered with the VEC in April 2001.  He produced copies of job applications he completed at various businesses he visited and other written documentation of his job search efforts.  In light of claimant's limitations, credible evidence supports the commission's finding that he made a good faith effort to market his residual work capacity.

For these reasons, we affirm the commission's decision.

Affirmed.