COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Frank and Clements


SERGEANTS PET PRODUCTS AND
 CONAGRA FOODS, INC.
                                          MEMORANDUM OPINION*
v.    Record No. 2360-02-2                     PER CURIAM
                                           JANUARY 14, 2003
CHARLES LEO HARRISON, SR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Kathryn Spruill Lingle; Theisen & Lingle,
                P.C., on brief), for appellants.

                (Gerald G. Lutkenhaus; The Law Office of
                Gerald G. Lutkenhaus, on brief), for
                appellee.


        Sergeants Pet Products and Conagra Foods, Inc. (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that Charles Leo Harrison, Sr.

proved that he (1) sustained a change-in-condition, and is

entitled to temporary partial disability benefits commencing

October 13, 2001; and (2) adequately marketed his residual work

capacity.  Upon reviewing the record and the parties' briefs, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## Disability

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

So viewed, the evidence proved that on February 2, 1998, while working for employer as a packing mechanic, claimant sustained a compensable crush injury to his dominant right hand. His pre-injury job required that he operate various machines and lift rolls of wrap weighing fifty to one-hundred pounds and place them on machines. He also had to use tools to adjust nuts, bolts, and screws. Claimant testified that he could no longer use tools because he did not have enough strength in his right hand.

On March 12, 1998, Dr. Garpal S. Bhuller released claimant to return to his pre-injury work.

On November 12, 1998, Dr. Glenn Carwell noted "point tenderness over apparent neuromas stemming from the radial nerve on the dorsum of his right hand where they terminate in scar tissue from the previous lacerations." Dr. Carwell advised claimant that "this problem might be improved by resecting the neuromas in transplanting the blind nerve endings to an area where they would be less likely to be irritated within the

dorsal interosseous muscles."  Dr. Carwell also saw a small nodule over the volar aspect of the ring finder, which was either a scar reaction to the injury or a possible giant cell tumor of the tendon sheath.  Dr. Carwell recommended resecting the mass.

In January 1999, Dr. Raymond Iglecia, Sr., who had been treating claimant since October 1998, noted claimant's diagnoses of Reflex Sympathetic Dystrophy of the right hand and chronic pain disorder.  Dr. Iglecia noted that claimant was totally disabled as a result of his work injury.

On September 1, 2000, Dr. Carwell performed surgery for the neuromas.  On February 11, 2001, claimant returned to Dr. Bhuller, who noted that there had been little change in claimant's hand function since 1999, and indicated that he would determine claimant's work capacity after an evaluation by a hand therapist.

In March 2001, Dr. Iglecia opined that claimant had developed classic signs of a chronic pain disorder secondary to his compensable injury.

On March 16, 2001, Dr. Lawrence Morales gave claimant an eight percent permanency rating for his right hand causally related to his February 2, 1998 compensable injury by accident. On October 24, 2001, Dr. Morales opined that claimant could not perform his pre-injury work.

Claimant's medical records provide credible evidence to support the commission's conclusion that claimant sustained a change in condition and is entitled to partial disability benefits commencing October 13, 2001. The medical records prove that claimant's pain has worsened; that he underwent surgery in September 2000, that he received an eight percent permanency rating in March 2001, and that he is currently unable to perform his pre-injury work. Accordingly, we will not disturb the commission's finding on appeal.

## II. Marketing

A partially disabled employee is required to make reasonable efforts to market his residual earning capacity to be entitled to receive continued benefits. See National Linen Serv. v. McGuinn, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989). "In determining whether a claimant has made a reasonable effort to market his remaining work capacity, we view the evidence in the light most favorable to . . . the prevailing party before the commission." Id. at 270, 380 S.E.2d at 33. "What constitutes a reasonable marketing effort depends on the facts and circumstances of each case." The Greif Cos. v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993) (citation omitted). When the commission's factual determinations are supported by credible evidence, they will not be disturbed on appeal. Wall St. Deli, Inc. v. O'Brien, 32 Va. App. 217, 220-21, 527 S.E.2d 451, 453 (2000). The commission determines

the weight to give the various criteria it considers. National Linen, 8 Va. App. at 272, 380 S.E.2d at 34 (citing relevant factors).

In ruling that claimant proved he made reasonable efforts to market his residual work capacity, the commission found as follows:

> [T]he claimant is 63 years old, with an eighth grade education. His employment has always involved work using his hands. The employer gave no job search assistance. The claimant registered with the Virginia Employment Commission [("VEC")], and contacted a number of businesses. He has obtained regular employment performing custodial duties at his church. Under these circumstances, we agree with the deputy commissioner that the claimant is entitled to temporary partial disability benefits.

Claimant provided written documentation of the numerous employers from whom he sought employment. He testified that he had been employed by his church providing custodial services since at least October 2001. He registered with the VEC, which had not been able to find him a higher paying job. The commission weighed evidence of the degree of claimant's impairment, his age, his limited education, his work history, his marketing efforts, and the lack of job search assistance from employer. Based upon credible evidence in this record and taking into account the factors enunciated in National Linen, the commission, as fact finder, could reasonably conclude that claimant adequately marketed his residual work capacity. "In

- 5 -

determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.