COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Clements and Senior Judge Overton


FAIRFAX COUNTY SCHOOL BOARD
                                        MEMORANDUM OPINION*
v.    Record No. 0687-03-3                  PER CURIAM
                                          JULY 22, 2003
CYNTHIA H. NOLDEN-THOMPSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Michael N. Salveson; Hunton & Williams LLP,
            on briefs), for appellant.

            (Linda D. Slough; Chandler, Franklin &
            O'Bryan, on brief), for appellee.


     Fairfax County School Board (employer) contends the

Workers' Compensation Commission erred in finding that (1)

Cynthia H. Nolden-Thompson (claimant) proved that she made a

reasonable effort to market her residual work capacity after she

moved from Virginia to Hartsel, Colorado; and (2) her

self-imposed one-hour driving restriction was reasonable.  Upon

reviewing the record and the parties' briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

            Where an employee's disability is
            partial, to establish his entitlement to
            benefits, he must prove that he made a
            reasonable effort to market his residual
            work capacity.  In determining whether a

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

partially disabled employee has adequately marketed his residual work capacity, the commission should consider the following criteria:

> (1) the nature and extent of the employee's disability;
>
> (2) the employee's training, age, experience and education;
>
> (3) the nature and extent of the employee's job search effort;
>
> (4) the employee's intent in conducting his job search;
>
> (5) the availability in the area of jobs suitable for the employee, considering his disability; and
>
> (6) any other matter affecting the employee's ability to find suitable employment.

> The determination of whether a partially disabled employee has adequately marketed his residual work capacity lies within the fact finding judgment of the commission, and its decision on that question, if supported by credible evidence, will not be disturbed on appeal. However, that decision, to be affirmed, must be based upon credible evidence.

Wall Street Deli, Inc. v. O'Brien, 32 Va. App. 217, 220-21, 527 S.E.2d 451, 453 (2000) (citations omitted).

In affirming the deputy commissioner's decision that claimant proved "based upon all the surrounding circumstances, [that her] marketing efforts were reasonable," the commission found as follows:

> The claimant submitted evidence of her attempts to find light-duty employment

- 2 -

within one hour of her residence. She contacted various businesses and re-checked with employers for potential openings. The claimant read newspaper ads, completed applications, and distributed her resume. She participated in childcare classes and sought funds to open a daycare center. As noted by the Deputy Commissioner, the claimant sustained an injury to her right upper extremity that resulted in a 25 percent permanent impairment and ongoing light-duty restrictions.

It is undisputed that the claimant currently lives in a more rural area than she did pre-injury. While this factor should not be the only grounds to support an otherwise inadequate marketing effort, her employment search shows that she tried to find a job within a reasonable geographic area around her home. The claimant took courses and applied for grants to create an employment opportunity. Her job search included potential employers within an hour's distance of her home. This is not unreasonable, especially considering the claimant's previous commutes while working in Virginia.

The commission, as fact finder, weighed the evidence in light of the factors set forth in Wall Street Deli, and concluded that claimant made reasonable efforts to market her residual work capacity. Claimant's testimony, coupled with her documentary evidence and the medical records, provides credible evidence to support the commission's factual findings. Because credible evidence supports the commission's decision, we will not disturb it on appeal.

Employer also argues that the commission erred in concluding that claimant's job search within one-hour's drive of

her home in Hartsel, Colorado constituted a reasonable geographic area.  We disagree.

Credible evidence, which established claimant's relocation to a rural area in Colorado, the nature of her injury and her physical restrictions, and the twenty-five percent permanent partial impairment of her right upper extremity, supports the commission's inference that it was reasonable for her to limit her job search to an area within one-hour's drive of her home.

For these reasons, we affirm the commission's decision.

Affirmed.