UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Senior Judge Frank

PERPARIM REXHA

MEMORANDUM OPINION[*]

v.      Record No. 0907-19-3                                                    PER CURIAM
                                                                                          FEBRUARY 25, 2020

HARRISONBURG CITY PUBLIC SCHOOLS AND
  SEDGWICK CLAIMS MANAGEMENT SERVICE

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Perparim Rexha, on brief), *pro se*.

(Travis T. Kline; Midkiff, Muncie & Ross, P.C., on brief), for
appellees.

Perparim Rexha appeals a decision of the Workers' Compensation Commission (the

Commission) denying him temporary total disability benefits. Rexha argues that the

Commission erred in finding that he did not establish a change in condition and in finding that he

did not adequately market his residual work capacity.

"On appeal from a decision of the Workers' Compensation Commission, the evidence

and all reasonable inferences that may be drawn from that evidence are viewed in the light most

favorable to the prevailing party below." Anderson v. Anderson, 65 Va. App. 354, 361 (2015)

(quoting Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83 (2005) (*en banc*)). "The

Commission's factual findings bind [this Court] as long as credible evidence supports them."

Riverside Reg'l Jail Auth. v. Dugger, 68 Va. App. 32, 37 (2017) (quoting Van Buren v. Augusta

Cty., 66 Va. App. 441, 446 (2016)). "[A] change of condition is not a new injury but is 'a

change in physical condition of the employee as well as any change in the conditions under

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation.'" Vital Link, Inc. v. Hope, 69 Va. App. 43, 57 (2018) (quoting Code § 65.2-101). "Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may *review any award* of compensation and on such review may make an award ending, diminishing or increasing *the compensation previously awarded* . . . ." Id. (quoting Code § 65.2-708).

Rexha sustained a compensable injury after he was exposed to chemicals on June 2, 2014. He filed claims in 2017 and 2018 seeking temporary total disability benefits beginning in September 2017. Rexha saw a number of specialists between June 22, 2015 and September 14, 2017. The specialists indicated that Rexha was relatively stable and concluded that he was capable of work as long as he avoided exposure to chemicals and substances that aggravated his symptoms. On September 14, 2017, Dr. C. Wayne Gates, an ENT specialist, noted that Rexha's condition had not "improved over the past several years." He acknowledged the "significance" and "persistence" of Rexha's symptoms, but did not describe any change or deterioration of Rexha's condition that rendered him incapable of employment. He, like the other specialists, instructed Rexha to "avoid harsh chemicals/cleaning agents." Thus, the medical evidence did not reflect a change in condition resulting in a total disability from work.

"The determination of whether a partially disabled employee has adequately marketed his residual work capacity lies within the fact finding judgment of the [C]ommission, and its decision on that question, if supported by credible evidence, will not be disturbed on appeal." Dollar Tree Stores, Inc. v. Tefft, 69 Va. App. 15, 27 (2018) (quoting Wall Street Deli, Inc. v. O'Brien, 32 Va. App. 217, 220-21 (2000)). In determining a reasonable effort to market residual work capacity, the Commission considers:

> (1) the nature and extent of [the] employee's disability; (2) the employee's training, age, experience, and education; (3) the nature

and extent of [the] employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting [the] employee's capacity to find suitable employment.

Id. at 28 (quoting Nat'l Linen Serv. v. McGuinn, 8 Va. App. 267, 272 (1989)).

Rexha did not indicate that he registered with the Virginia Employment Commission or whether he contacted Harrisonburg City Public Schools for suitable light-duty work. English is Rexha's second language, and he has a pre-existing brain injury rendering him unable to read or write. Further, Rexha's testimony regarding when he started his marketing efforts was contradictory. Rexha contacted ten potential employers seeking "anything available." The potential employers included department stores, restaurants, and hotels. He did not explain why he contacted those employers or why he believed that they may have a job he might be able to perform. The Commission considered Rexha's testimony, his cognitive difficulties, his job log, and the deputy commissioner's rationale in finding that Rexha had not adequately marketed his residual work capacity. The evidence in the record supports the Commission's finding.

We have reviewed the record and the Commission's opinion and find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the Commission in its final opinion. See Perparim Rexha v. Harrisonburg City Public Schs., VA00000940636 (Va. Workers' Comp. Comm'n May 15, 2019). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.